**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**ALEXANDER REJISTRE**                                                                                    **PLAINTIFF**

V.                                            **CASE NO. 4:24-cv-00425-DPM**

**ADAM BALL, INDIVIDUALLY**                                                                       **DEFENDANT**

**DEFENDANT'S RESPONSE TO PLAINTIFF'S APPLICATION FOR
ATTORNEY'S FEES AND COSTS**

COMES now the Defendant, Adam Ball, individually ("Defendant"), by and through counsel, Jenna Adams, and for his Response to Plaintiff's Application for Attorney's Fees and Costs, states:

**FACTUAL BACKGROUND**

Plaintiff filed his lawsuit in this case on April 5, 2024, in the Circuit Court of Jefferson County, Arkansas. **Doc. No. 2.** Plaintiff's Complaint alleges causes of action for false imprisonment, abuse of process, false arrest, malicious prosecution, as well as violations of his First, Fourth, and Fourteenth Amendments rights under the U.S. Constitution, as well as Arkansas Constitution. **Doc. No. 2, ¶¶ 3, 11, 12, 16, 17, 22.** Additionally, Plaintiff states he is bringing causes of action pursuant to Ark. Code Ann. § 21-1-106, the Arkansas Civil Rights Act of 1993, and 42 U.S.C 1983. **Doc. No. 2, ¶ 3**. Specifically, Plaintiff alleges that he was pulled over by Defendant in December of 2023 because he was black, and that Defendant had no legal reason to pull him over. Plaintiff alleges that he was detained for more than twenty (20) minutes for no legal reason, and that he was detained because he was black and protested. **Doc. No. 2, ¶¶ 5–9.**

Defendant removed this case to federal court and filed his Answer on May 13, 2024. **Doc. Nos. 1 and 3.** This Court entered an Initial Scheduling Order on July 8, 2024. **Doc. No. 4.** On July 24, 2024, Defendant sent Plaintiff an Offer of Judgment pursuant to Rule 68 of the Federal Rules

1

of Civil Procedure. *See attached Exhibit 1*, **Defendant's Offer of Judgment.** Plaintiff accepted the Offer of Judgment on July 26, 2024. **Doc. No. 5.** At the time that Plaintiff accepted the Offer of Judgment, the case was in the very early stages of litigation, no discovery had been conducted, and the parties had not yet conducted a Rule 26(f) conference. Plaintiff has now filed an Application for Attorney's Fees and Costs ("Application"), requesting $332.50 in costs, and $14,335.00 in attorney and expert witness fees. **Doc. Nos. 8 and 9.**

## LEGAL STANDARD

This matter is before the Court on Plaintiff's motion for fees and costs pursuant to 42 U.S.C. § 1988, which authorizes district courts to award reasonable attorney's fees to a prevailing party in civil rights litigation. 42 U.S.C. § 1988. However, "[t]hat the plaintiff is a 'prevailing party' . . . may say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

To determine what quantifies as a reasonable rate, the court utilizes the *lodestar* method, wherein the court determines the objective prevailing market rate for similar work in the area where the litigation occurred multiplied by the number of hours worked. *Safelite Group, Inc v. Rothman,* 759 Fed.Appx. 533 (8th Cir. 2019); *Warnock v. Archer,* 397 F.3d 1024, 1027 (8th Cir. 2005). Once the lodestar has been determined, the court then has the discretion to adjust the attorneys' fees higher, lower, or even to deny fees outright, dependent on the degree of success achieved by the prevailing party. *Hensley*, 461 U.S. at 433. Furthermore, a court has an obligation to exclude from the fee petition hours that were "not reasonably expended on the litigation." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999). Fees "not reasonably expended" include "hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

After determining the number of hours reasonably expended, the court must then determine the "reasonable hourly rate." *Spegon*, 175 F.3d at 554-55. In determining whether the claimed rates are reasonable, the court considers the ordinary rate for similar works in the community where the case is being litigated. *Emery v. Hunt*, 272 F.2d 1042, 1048 (8th Cir. 2001).

## ARGUMENT

Defendant does not dispute that Plaintiff was the "prevailing party" given that he accepted an offer of judgment and is therefore entitled to an award of reasonable attorney's fees and costs permitted under the statute. 42 U.S.C.§ 1988. However, under *Hensley*, the sole fact that Plaintiff prevailed is not enough to justify awarding the full lodestar amount. Defendant believes that the fees requested should be reduced for the following reasons: (1) the rate requested by Plaintiff's attorney is not reasonable based what this Court has previously awarded Mr. Sutter; (2) the number of hours Plaintiff is attempting to recoup is unreasonable; and (3) Plaintiff cannot recoup expert fee costs in a § 1983 case.

I.  **Plaintiff's request $332.50 in costs.**

Plaintiff states in his Application that he has incurred a filing fee of $187.50 and service fees in the amount of $135.00[1]. **Doc. No. 8, ¶ 2.** Plaintiff states that this totals $332.50, however, that math is not correct. **Doc. No. 8, ¶ 2.** Rather, the total should be $322.50. Defendant does not dispute that Plaintiff is entitled to recover for his filing fee and service fee. Other than Defendant's questioning of the reasonableness of the amount of the service fee, Defendant states that Plaintiff is entitled to recover reasonable costs for the filing fee and service fee.

II. **Mr. Sutter's proposed hourly rate is inflated and contrary to this Court's previous rulings on his hourly rate.**

---

[1] Defendant questions whether this service fee is reasonable given that Defendant was only served individually at his home in Conway. Based on undersigned counsel's research, a reasonable average fee for service in Conway, Arkansas is around $100.00.

3

Mr. Sutter seeks an excessive hourly rate, asking this Court to award him $450 an hour. In justifying his rate, Mr. Sutter states that Pulaski County Circuit Court Judge Morgan "Chip" Welch recently awarded him $450 an hour, however, he fails to provide the case in which such award was given. "A reasonable hourly rate is usually the ordinary rate for similar works in the community where the case is being litigated." *Emery v. Hunt*, 272 F.2d 1042, 1048 (8th Cir. 2001). Mr. Sutter's reference to his fee award of $450 an hour in the Pulaski County Circuit Court in a case with presumably different causes of action, and is not the marker for the appropriate rate in the Eastern District of Arkansas. Further, Mr. Sutter does not provide any affidavits from either himself or other local attorneys stating that such an hourly rate is reasonable or justified in this type of case.

Rather, this Court has recently set Mr. Sutter's hourly rate at $325 an hour. *See Marziale v. Correct Care Solutions, LLC*, Case No. 5:18-cv-86-DPM, Doc. Nos. 338, 341 (adopting the Magistrate's report and recommendation on May 27, 2021, setting Mr. Sutter's hourly rate at $325 an hour). Mr. Sutter provides no justification for a $125 an hour increase in the three years since this court set his rate at $325 an hour. Thus, Mr. Sutter's $450 an hour request is unreasonable and should be reduced accordingly to accurately reflect the ordinary rate for similar works in the community where the case is being litigated.

### III. The number of hours Plaintiff is attempting to recoup is unreasonable.

Plaintiff's Application includes an itemized bill showing the time allegedly spent on the case. *See* **Doc. No. 8-1.** According to the bill, Mr. Sutter states that he spent 26.3 hours on a case that was in the very early stages of litigation. Mr. Sutter states that he spent 26.3 hours on a case that all that has been done is a FOIA request, filing the Complaint, and Defendant's filing of the Answer. The Court had only just issued an Initial Scheduling Order on July 8, 2024, just 18 days prior to Plaintiff accepting the Offer of Judgment. The parties had not conducted a Rule 26(f)

4

conference, and clearly had not engaged in discovery. Hours that were not "reasonably expended" must be excluded. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Thus, for the reasons stated further herein, the number of hours Plaintiff is attempting to recoup is unreasonable and should be reduced accordingly.

    A.  **Time spent on the FOIA requests**

On March 27, 2024 and March 28, 2024, prior to filing this lawsuit, Mr. Sutter made four Freedom of Information Act ("FOIA") requests to the City of Conway requesting documents related to this case on behalf of his client. ***See attached Exhibit 2***, **Sutter FOIA requests.** While there were four FOIA requests, the requests were short and simple, with the longest request being thirty (30) words, stating "My client, Rejistre, Alexander Jr. was pulled over by the Conway PD on December 02, 2023. Please send me a copy of the officer[']s body cams that detained my client" ***Exhibit 2.*** In all, the requests ask for the body cam, the officer's training file, the dispatch log for the stop, and a copy of the warning ticket. ***Exhibit 1.*** In response to the FOIA request, the City of Conway sent all responsive documents that it had in its possession, which were the dispatch log, the training file, and the warning ticket, which totaled four (4) pages of documents for Mr. Sutter's review. ***See attached Exhibit 3***, **FOIA Response.**

Despite the fact that the FOIA requests were short and simple, and the response to the FOIA request was only 4 pages, Mr. Sutter billed his client three separate times for drafting the FOIA (2.5 hours, although it is not clear if the entire 2.5 hours was spent on the drafting as he also states that he researched dockets), reviewing the FOIA (0.6 hours), and again reviewing the FOIA (3.5 hours, again, it is not clear if the entire 3.5 hours was spent on reviewing the FOIA as he also states he had a conference with the expert and revised the Complaint). This is an excessive amount of time for these tasks given the short, simple nature of the request and the 4-page response.

*Marziale v. Correct Care Solutions, LLC*, Case No. 5:18-cv-86-DPM, at *3. Furthermore, Mr. Sutter's vague time entries justify a reduction of fees. *Marziale* at *3 (*citing H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991) (affirming district court's reduction of fees based on vague billing records)). Thus, Mr. Sutter's requested time expended on the FOIA requests and reviewing the FOIA response is not reasonable and should be reduced accordingly.

### B. Time spent on researching, drafting, and revising the Complaint

Mr. Sutter billed Plaintiff three separate (3) times for researching the Complaint, drafting the Complaint, and revising the Complaint. **Doc. No. 8-1.** The first time, Mr. Sutter billed Plaintiff 1.5 hours for researching the Complaint on March 31, 2024. Mr. Sutter billed Plaintiff another 1.5 hours for researching the Complaint on April 1, 2024. Finally, Mr. Sutter billed Plaintiff 3.5 hours for revising the Complaint on April 6, 2024, although it is not clear whether the entire 3.5 hours was spent revising the Complaint, because he also states that the reviewed the FOIA and had a conference with his expert regarding training. Regardless, Plaintiff's Complaint in this case was filed on April 5, 2024, and he has not made any amendments to that Complaint. Thus, Defendant questions the time record indicating that Mr. Sutter spent time revising the Complaint *after* the Complaint had already been filed.

Next, the Complaint filed in this case is a mere four (4) pages, totaling twenty-five (25) paragraphs. That hardly justifies billing to the extent that Mr. Sutter has on researching, drafting and revising the Complaint, and it would be unreasonable to spend that much time on those tasks to only then file a 4-page, 25 paragraph Complaint. Further, Mr. Sutter's request for $450 an hour would suggest that he should be able to draft simple four (4) page Complaints in a cost-effective manner. *Marziale v. Correct Care Solutions, LLC*, Case No. 5:18-cv-86-DPM, at *2 (*citing Miller v. Dugan*, 764 F.3d 826, 831 (8th Cir. 2014) (attorney did not "achieve the time savings, implied

6

by his higher rate")). Thus, Mr. Sutter's requested time expended on researching, drafting and revising the Complaint is not reasonable and should be reduced accordingly.

### C. Conference with expert regarding "training issue"

Mr. Sutter billed Plaintiff for a conference he allegedly had with an expert regarding "training issue" on April 6, 2024, the day after the Complaint in this case was filed. **Doc. No. 8-1.** Mr. Sutter billed for 3.5 hours, although it is not clear if the entire 3.5 hours was spent on the conference, as he also states that he reviewed the FOIA and revised the Complaint. Regardless, Plaintiff has not alleged any official capacity claims in this case, such as a failure to train. In fact, Defendant was only sued in his individual capacity. Thus, consulting an expert about a "training issue" after the Complaint was already filed seems questionable. Plaintiff did not amend his Complaint (after being billed for Complaint revisions) to include any failure to train claims. Furthermore, Mr. Sutter's vague time entries justify a reduction of fees. *Marziale* at *3 (*citing H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991) (affirming district court's reduction of fees based on vague billing records)). Thus, Mr. Sutter's requested time expended on his conference with an expert regarding "training issue" is not reasonable and should be reduced accordingly.

### D. Time spent on site review and videotape; reviewing Humphries cases

Mr. Sutter billed Plaintiff 3.10 hours for driving to Conway for a site review and videotape, as well as for reviewing "Humphries" cases. **Doc. No. 8-1.** This is a simple case. This case involves a traffic stop, that resulted in a detention, that resulted in a warning being issued. Plaintiff alleges the traffic stop and the detention lacked legal basis, and that he was discriminated against based on his race and retaliated against for exercising his First Amendment rights. Nothing about this case would necessitate a site visit or a videotape. This was not a traffic accident, or a police chase, or a land use case, which might necessitate a site visit depending on the circumstances. A simple

look at Google Maps or Google Earth would have been sufficient and more cost effective, if even necessary.

Finally, Defendant has absolutely no idea what "review Humphries cases" refers to. As far as Defendant is aware, there is no one named "Humphries" associated with this case, thus, this time entry seems to be irrelevant. Thus, Mr. Sutter's requested time expended on driving to Conway for a site review and video tape and reviewing Humphries cases is unreasonable and should be reduced accordingly.

### E. Time spent reviewing file and updating client

Mr. Sutter billed Plaintiff five (5) separate times for "review file and update client," totaling 3.5 hours. **Doc. No. 8-1.** Not only are these time entries vague, warranting a reduction in fees, but these hours are "excessive, redundant, or otherwise unnecessary," and a reduction in hours is warranted. *Marziale v. Correct Care Solutions, LLC*, Case No. 5:18-cv-86-DPM, at *2-3 (*citing Hensley*, 461 U.S. at 434; *El-Tabech v. Clarke*, 616 F.3d 834, 842 (8th Cir. 2010); *H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991) (affirming district court's reduction of fees based on vague billing records)); *Burchell v. Green Cab Company*, 2016 WL 894825, Case No. 5:15-cv-05076, at *3 (W.D. Ark. Mar. 8, 2016) (holding that "Plaintiff's counsel engaged in duplicative billing—that multiple attorneys billed for performing the same task or that the same task was itemized more than once . . . ."). Furthermore, the dates on which these hours were billed, April 22, 2024, May 6, 2024, June 4, 2024, June 19, 2024, and July 15, 2024, were during a time period when there was nothing going on this case, i.e. an Answer had been filed on May 13, 2024, an initial scheduling order had not been issued until July 8, 2024, and no discovery was being done. Thus, Mr. Sutter's vague, redundant, and excessive billing for time spent reviewing the file and updating the client is unreasonable and should be reduced accordingly.

### F. Time spent drafting bill

Plaintiff's Application for Fees states that "Plaintiff's counsel maintained meticulous, contemporaneous time records." **Doc. No. 9, p. 5.** However, after reviewing the Offer of Judgment from Defendant, Mr. Sutter billed Plaintiff on July 25, 2024 for "draft bill," and again on July 29, 2024 for "draft bill," indicating that he did not in fact maintain meticulous, contemporaneous time records. **Doc. No. 8-1.** Mr. Sutter cannot recover attorney's fees for having to draft his bill after the fact because of his failure to maintain "meticulous, contemporaneous time records" as required. *See Hensley v. Eckerhart*, 461 U.S. 424, 428-429 (8th Cir. 1983) (reducing the number of hours claimed by attorney for failure to keep contemporaneous time records). Further, as argued further below, Plaintiff is not entitled to recover any attorney's fees expended after the Offer of Judgment was accepted on July 26, 2024. Thus, Mr. Sutter's requested time expended on drafting his bill is unreasonable and should be reduced accordingly.

### G. Time spent reviewing scheduling order and preparing discovery

Mr. Sutter billed Plaintiff 1.8 hours for "review scheduling order; prepare discovery," on July 8, 2024. **Doc. No. 8-1.** The "scheduling order" that was issued on July 8, 2024, was simply an initial scheduling order, with a proposed final scheduling order, certainly not something that required extensive review. **Doc. No. 4.** Additionally, since this was merely an initial scheduling order, and the parties had not yet conducted a Rule 26(f) conference, discovery could not be conducted at that point, and discovery was never actually sent by Plaintiff to Defendant. Even if this Court were to find that Plaintiff can recover for drafting discovery, such a task is something that can be performed by a paralegal at a much lower hourly rate. *Marziale v. Correct Care Solutions, LLC*, Case No. 5:18-cv-86-DPM, at *2 (*citing Missouri v. Jenkins*, 491 U.S. 274, 288 (1989) (attorneys are encouraged to deliver cost-effective legal services by using paralegals

whenever possible)). For these reasons, Mr. Sutter's requested time expended on reviewing the initial scheduling order and preparing discover is unreasonable and should be reduced accordingly.

  **H. Time spent on reviewing medical records**

  Mr. Sutter billed Plaintiff two (2) separate times for "review medical records," totaling 3.1 hours. First, it is unclear, based on the allegations alleged in the Complaint, what possible medical records Plaintiff could have as a result of allegedly being pulled over for a traffic violation, detained for approximately twenty (20) minutes, and let off with a warning. Even if Plaintiff does have medical records, it is doubtful that reviewing them would take 3.1 hours. Presumably, this is a task that could have been performed by a paralegal at a much lower hourly rate. *Marziale v. Correct Care Solutions, LLC*, Case No. 5:18-cv-86-DPM, at *2 (*citing Missouri v. Jenkins*, 491 U.S. 274, 288 (1989) (attorneys are encouraged to deliver cost-effective legal services by using paralegals whenever possible)). Second, Mr. Sutter's vague time entries justify a reduction of fees. *Marziale* at *3 (*citing H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991) (affirming district court's reduction of fees based on vague billing records)). And finally, these hours are "excessive, redundant, or otherwise unnecessary," and a reduction in hours is warranted. *Marziale v. Correct Care Solutions, LLC*, Case No. 5:18-cv-86-DPM, at *2-3 (*citing H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991) (affirming district court's reduction of fees based on vague billing records)); *Burchell v. Green Cab Company*, 2016 WL 894825, Case No. 5:15-cv-05076, at *3 (W.D. Ark. Mar. 8, 2016) (holding that "Plaintiff's counsel engaged in duplicative billing—that multiple attorneys billed for performing the same task or that the same task was itemized more than once . . . ."). Thus, Mr. Sutter's requested time expended on reviewing medical records is unreasonable and should be reduced accordingly.

  **I. Time spent after offer of judgment was accepted**

Mr. Sutter billed Plaintiff 2.0 hours on July 29, 2024 for "Draft bill and Brief." It is assumed that the "brief" referred to is the Brief in Support of Application for Attorney's Fees [Doc. No. 9]. Plaintiff accepted Defendant's Offer of Judgment on July 26, 2024. **Doc. No. 5.** The Offer of Judgment accepted by Plaintiff specifically stated that Defendant would pay "reasonable attorney's fees incurred through the date of this offer of judgment." *Exhibit 1*. Thus, Plaintiff cannot recover the time spent by Mr. Sutter to draft his bill and brief on July 29, 2024, and the request for fees should be reduced accordingly.

**IV.     42 U.S.C. § 1988 does not allow for the recovery of expert fees in § 1983 actions.**

Plaintiff's Application states that he has a $2,500 expert fee expense for a purported expert that he either retained or consulted, Kirk Barry. **Doc. No. 8-1.** This Court should not allow Plaintiff to recover the expert fees for the following reasons: 1) expert fees are not recoverable in § 1983 cases; 2) this case is not complex and would not require an expert on any of the issues; 3) Plaintiff's purported expert is an accident reconstructionist, which has nothing to do with the allegations in this case.

Title 42 U.S.C. § 1988(b) provides: "In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs...." 42 U.S.C. § 1988(b). The statute goes on to state, "In awarding an attorney's fee under subsection (b) in any action or proceeding to enforce a provision of section 1981 or 1981a of this title, the court, in its discretion, may include expert fees as part of the attorney's fee." 42 U.S.C § 1988(c). That is, the statute specifically provides that expert fees are recoverable in § 1981 or 1981a cases, however, it does not provide that that they are recoverable in § 1983 cases. Plaintiff has not brought any claims pursuant to § 1981 in his Complaint. *See* **Doc. No. 2.**

11

This Court has expressly denied the recovery of expert fees in § 1983 cases. *See Gilbert v. City of Little Rock, Ark.*, 709 F. Supp. 856, 862 (E.D. Ark. 1987) ("Congress chose not to expressly provide in 42 U.S.C. § 1988 for the recovery of expert witnesses fees in civil rights cases"). Further, the Eighth Circuit has opined that when Congress has explicitly not authorized expert fee recovery in a particular statute, then "We must assume Congress understood the meaning of the words it incorporated into the Act." *Neosho R-V School Dist. v. Clark*, 315 F.3d 1022, 1032 (8th Cir. 2003) (citing *Welsh v. Boy Scouts of America*, 993 F.2d 1267, 1270 (7th Cir. 1993)). In *Neosho*, the Court noted that 42 U.S.C. § 1988(c) explicitly provides for the recovery of expert fees in a § 1981 action. 315 F.3d at 1032. The Eighth Circuit reasoned that Congress "knows how to specify a shifting of expert witness fees," and as a result, because § 1988 specifically allows for the recovery of expert fees only in a § 1981 action, Congress did not intend for expert fees to be recovered in a § 1983 action. *Id.* (*quoting West Virginia Univ. Hosps., Inc. v. Casey,* 499 U.S. 83, 88–89 (1991) (noting that "[a]t least 34 statutes in 10 different titles of the United States Code explicitly shift attorney's fees *and* expert witness fees"), 42 U.S.C. § 1988(c) (1994) (providing explicitly for an award of expert witness fees)).

Plaintiff's attorney clearly knows that expert fees are only recoverable in § 1981 actions, which is why the first line of his Application Brief cites to § 1981. ***See* Doc. No. 9, p. 1.** However, Plaintiff has not alleged any claims under § 1981 in his Complaint, and for that reason, he is not entitled to recover his purported expert fees.

Furthermore, this case does not involve complex legal issues which would necessitate the use of an expert. In fact, Plaintiff's Application states nothing about why he needed to retain or consult an expert in this case. This case involves a traffic stop, that resulted in a detention, that resulted in a warning being issued. Plaintiff alleges the traffic stop and the detention lacked legal

12

basis, and that he was discriminated against based on his race and retaliated against for exercising his First Amendment rights. The expert fees noted on Plaintiff's Application state that the expert that was retained or consulted was Kirk Barry ("Mr. Barry"). Plaintiff's attorney has used Mr. Barry as an expert in other litigation. As stated in the attached Affidavit and Curriculum Vitae of Kirk Barry, Mr. Barry is a traffic accident reconstruction expert. ***See attached Exhibit 4*, Affidavit and Curriculum Vitae of Kirk Barry.** He does not appear to have any expertise which would lend any use on the allegations alleged in Plaintiff's Complaint in this case.

Thus, for all of the reasons stated herein, this Court should not allow Plaintiff to recover the $2,500 in expert fees and his fees should be reduced accordingly.

WHEREFORE, Defendant respectfully request that the Court reject Plaintiff's proposed petition for attorney's fees and costs, and instead reduce Plaintiff's fees as detailed above, and for any other relief this Court deems appropriate.

Respectfully submitted:

**DEFENDANT**
**Adam Ball, individually**

JENNA ADAMS, Ark Bar. No. 2015082
P.O. Box 38
North Little Rock, AR 72115
TELEPHONE: 501-978-6115
FACSIMILE: 501-978-6558
EMAIL: jenadams@arml.org