IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ALEXANDER REJISTRE                                              PLAINTIFF

v.                           No. 4:24-cv-425-DPM

ADAM BALL, Individually                                         DEFENDANT

ORDER

Rejistre's motion for attorney's fees and costs is granted as specified and otherwise denied. He is entitled to $7,587.88 as a reasonable attorney's fee and costs. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983); *Quigley v. Winter*, 598 F.3d 938, 956-59 (8th Cir. 2010). Here's why.

*First*, the expert fees. While consideration of a failure to train claim, and perhaps consultation with an expert about such a potential claim, is reasonable in the circumstances, 42 U.S.C. § 1988 doesn't allow for recovery of expert fees in § 1983 actions. *Gilbert v. City of Little Rock*, 709 F. Supp. 856, 862 (E.D. Ark. 1987). The request for reimbursement of the expert's $2,500 fee is denied.

*Second*, the costs. Ball doesn't challenge Rejistre's entitlement to costs, but he has identified a math error. *Doc. 10 at 3*. The Court agrees that $322.50 is the correct number.

*Third*, the attorney's fee. Given counsel's experience, and the nature of the issues presented in this case, the reasonable hourly rate is

$325.  The lodestar is $8,547.50—that rate multiplied by the 26.3 hours spent.  *Hensley*, 461 U.S. at 433.  But some reductions are warranted.

This was a simple case, legally and factually.  Rejistre claimed that Officer Ball stopped him for driving while black, not for running a stop sign, and then detained him for twenty minutes after Rejistre complained about the stop.  The complaint is four pages of mostly standard language.  The FOIA requests were pointed and useful.  But the total time claimed for reviewing Conway's short responses, researching the issues, and drafting the complaint was a bit excessive given counsel's expertise.  The Court disagrees with Officer Ball about the site visit; approximately three hours—for traveling to and from Conway from Little Rock, getting a feel for the ground, and videotaping the area for future reference—is reasonable.  The Court agrees, though, that the time spent reviewing the file for several client updates, as well as reviewing medical records, was excessive for this young case.  The parties came to terms after about four months in, which was before any complex developments.  Rejistre accepted a $5,500 offer of judgment.  Officer Ball is also correct that the two hours spent drafting the bill and briefing the fee/costs issues is outside the accepted offer.  *Doc. 5-1*.  All material things considered, the Court reduces the hours by fifteen percent to capture a reasonable fee.  *Hensley*, 461 U.S. at 434.

\*

Motion for attorney's fees and costs, *Doc. 8*, granted as specified. The Court awards a reasonable attorney's fee of $7,265.38 and costs of $322.50 for a total of $7,587.88.

So Ordered.

*/s/ DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

15 October 2024